**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Patricia Crocker, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   17 C 8156 |
| | ) | |
| Phillips & Cohen Associates, Ltd., a | ) | |
| New Jersey corporation and PCA | ) | |
| Acquisitions V, LLC, d/b/a Portfolio | ) | |
| Asset Group, a Delaware limited liability | ) | |
| company, | ) | |
| | ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Patricia Crocker, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt

collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.  Moreover, Defendant's extensive business dealings here make it

subject to this Court's general jurisdiction.

2.      Venue is proper in this District because: a) part of the acts and

transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.      Plaintiff, Patricia Crocker ("Crocker"), is a citizen of the State of Kansas,

from whom Defendants attempted to collect a defaulted consumer debt that she

allegedly owed for a Sears/Citibank credit card account, despite the fact that she had

exercised her rights to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Phillips & Cohen Associates, Ltd. ("P&C"), is a New Jersey corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts.  P&C operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant P&C was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant, PCA Acquisitions V, LLC, d/b/a Portfolio Asset Group ("PCA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate.  PCA operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant PCA was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6.      Defendant PCA is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies like its sister company P&C.  Defendant PCA's principal, if not

2

sole, business purpose is the collection of defaulted consumer debts originated by others.

7.     Defendants P&C and PCA both conduct extensive business in Illinois by sending collection letters and making phone calls to hundreds of Illinois consumers, and by filing dozens of lawsuits in Illinois.

8.     Moreover, Defendants P&C and PCA are both licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit A.  In fact, Defendants P&C and PCA act as debt collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9.     Ms. Crocker is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Sears/Citibank credit card account.  In response to her financial problems, Ms. Crocker sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her debt problems, including the Sears/Citibank debt.

10.     Accordingly, on June 14, 2016, one of Ms. Crocker's legal aid attorneys informed Sears/Citibank that Ms. Crocker was represented by counsel, and directed Sears/Citibank to cease contacting her and to cease all further collection activities because Ms. Crocker was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and the fax confirmation are attached as Exhibit B.

11.     Thereafter, Defendant PCA bought/obtained Ms. Crocker's alleged Sears/Citibank account, ignored the information in the account notes that told it, as the successor-in-interest, that Ms. Crocker was represented by counsel as to this debt and

that it could no longer call or write to her, and had its sister company, Defendant P&C, send Ms. Crocker a collection letter, dated January 5, 2017, demanding payment of the Citibank debt. A copy of this collection letter is attached as Exhibit C.

12.     Accordingly, on March 21, 2017, Ms. Crocker's legal aid attorneys had to again inform Defendants. in writing, that they represented Ms. Crocker, that she refused to pay the debt and that Defendants should cease communications. A copy of this letter and e-mail confirmation are attached as Exhibit D.

13.     Defendants' violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand that collection communications cease, Defendants' collection communications made Plaintiff believe that her demands had been futile and that she did not have the rights Congress had granted her under the FDCPA.

14.     Moreover, violations of the FDCPA which would lead a consumer to alter her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendants' actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

15.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

4

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

17.     Plaintiff adopts and realleges ¶¶ 1-16.

18.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

19.     Here, the letter from Plaintiff's attorneys to Defendants' predecessor-in-interest (Exhibit B) told Defendants to cease communications and cease collections. By directly communicating with Ms. Crocker, regarding this debt and demanding payment (Exhibit C), Defendants violated § 1692c(c) of the FDCPA.

20.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

21.     Plaintiff adopts and realleges ¶¶ 1-16.

22.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

23.     Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debt because her attorneys had given

5

notice in writing, to Defendants' predecessor-in-interest, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff (Exhibit <u>B</u>). By directly sending Plaintiff a collection letter (Exhibit <u>C</u>), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C.§1692k.

<b>PRAYER FOR RELIEF</b>

Plaintiff, Patricia Crocker, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Crocker, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by§1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

<b>JURY DEMAND</b>

Plaintiff, Patricia Crocker, demands trial by jury.

Patricia Crocker,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: November 10, 2017

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps& Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

7